UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RANDY CARLSON AND § | |
| LUCAS NEWTON § | |
| individually and on behalf § | COLLECTIVE AND CLASS |
| of all others similarly situated, § | ACTION COMPLAINT |
| Plaintiffs, § | |
| § | CIVIL ACTION NO. 2:23-cv-461 |
| vs. § | |
| § | |
| PHARAOH ENERGY § | |
| SERVICES, LLC § | |
| Defendant. § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Randy Carlson and Lucas Newton ("Plaintiffs"), on behalf of themselves and all others similarly situated, file this Original Complaint against Pharaoh Energy Services, LLC ("Pharaoh"), as follows:

### I. PRELIMINARY STATEMENT

1.   Pharaoh Energy Services, LLC ("Pharaoh") was formerly the employer of Plaintiffs and others similarly situated. Plaintiff Randy Carlson worked for Pharaoh from July of 2021 until April 28, 2023. Plaintiff Lucas Newton worked for Pharaoh from May of 2022 until December of 2022. During their time with Pharaoh, Plaintiffs typically worked approximately 100 hours per week. Plaintiffs, along with all of Pharaoh's field personnel, were paid on a salary basis regardless of the number of hours they worked in a given day or week, and never received overtime pay. On information and belief, there are a large number of similarly situated field

personnel who work or have worked for Pharaoh, all of whom were paid on a salary basis and denied overtime pay, in violation of state and federal overtime laws.

2.  Plaintiffs, on behalf of themselves and all others similarly situated, bring this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et. seq. (the "FLSA").

3.  The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **ALL PHARAOH FIELD PERSONNEL DURING THE PAST 3 YEARS WHO WERE PAID ON A SALARY BASIS.[1]**

4.  For at least three years prior to the filing of this Complaint, Defendant willfully violated the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay.

5.  Pharaoh has violated and continues to violate the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NMMWA") by failing to pay Plaintiffs and other Class Members overtime at the legally required rate. Plaintiffs, individually and on behalf of all other Class Members, bring this class action lawsuit to recover overtime pay and all over available remedies under the NMMWA.

6.  This class action consists of:

> **ALL PHARAOH FIELD PERSONNEL AT ANY TIME FROM MAY OF 2020 UNTIL THE PRESENT WHO (1) WORKED AT LEAST ONE WEEK IN A YEAR IN NEW MEXICO AND (2) WERE PAID ON A SALARY BASIS.[2]**

---

[1] Members of this proposed collective will hereinafter be referred to as the "FLSA Collective Members."

[2] Members of this proposed Rule 23 class will hereinafter be referred to as the "Class Members."

## II.    PARTIES

7. Plaintiffs are individuals. Plaintiffs' Notices of Consent are attached hereto as Exhibit 1.

8. Pharaoh is an Oklahoma Limited Liability Company. Pharaoh does not maintain a registered agent in New Mexico. Pharaoh may be served through its registered agent for service of process in Oklahoma and Chief Executive Officer Casey Hays at 116 First Street, Velma, OK, 73491, or where found.

## III.    JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce…" The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy over $5,000,000.00 exclusive of interest and costs, and at least one Class Member is a citizen of a different state than Defendant. Alternatively, the Court has supplemental jurisdiction over the class and individual NMMWA claims.

10. This Court has personal jurisdiction over Defendant because it conducts and has conducted a significant amount of business in New Mexico and has had continuous and systematic contacts with New Mexico and because there is a significant connection between the forum and the specific claims at issue in this case. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division. Namely, Plaintiffs and the other class members performed a substantial amount of work for Defendant as described herein in the New Mexico counties of Eddy and Lea (and possibly others), which are located in this judicial district.

### IV.   FLSA COVERAGE FACTS

12. At all relevant times, Defendant acted, directly or indirectly, as the joint or co-employer with respect to Plaintiffs and others similarly situated. Defendant was responsible for all decisions related to the wages to be paid to the FLSA Collective Members, the work to be performed by the FLSA Collective Members, the locations of work performed by the FLSA Collective Members, the hours to be worked by the FLSA Collective Members, and the compensation policies with respect to the FLSA Collective Members.

13. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

15. At all relevant times, Plaintiffs (and others similarly situated) were employees for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. NMMWA COVERAGE FACTS

16. At all relevant times, Defendant acted as an employer or joint employer within the meaning of NMMWA and specifically NM STAT ANN. § 50-4-21(B) with respect to Plaintiffs and other Class Members. Defendant was responsible for all decisions related to the wages to be paid to Plaintiffs and other Class Members, the work to be performed by Class Members, the locations of work performed by the employees, the hours to be worked by Class Members, and the compensation policies with respect to Class Members.

17. At all relevant times, Plaintiffs and the Class Members constituted individual "employees" as that term is understood under the NMMWA.

18. At all relevant times, Plaintiffs and other Class Members were employees for Defendant who was engaged in commerce or in the production of goods for commerce. Namely, Plaintiffs' job assignment assisted in the production of oil and gas, which, upon its production, was placed into the stream of commerce and was shipped and sold across the United States. Moreover, Plaintiffs, in the performance of their job duties while working for Defendant, regularly used instrumentalities of interstate commerce such as their cell phones and e-mail to communicate with others working for Defendant.

## VI. FACTUAL BACKGROUND

20. Pharaoh is an oilfield service company specializing in acid and pumping services.

21. Plaintiffs and all of Pharaoh's field personnel were (and, on information and belief, continue to be) paid on a salary basis. While some of the FLSA Collective and Class

Members are given the title of "Supervisor," all of them spend the overwhelming amount of their time working in the field - manual labor is their primary job duty. As provided by 29 C.F.R. § 541.3(a), none of the "white collar" exemptions would apply because such exemptions "do not apply to manual laborers or other 'blue collar' workers who perform work involving repetitive operations with their hands, physical skill and energy." This regulation goes on to state that "non-management employees in maintenance, construction and similar occupations...are entitled to minimum wage and overtime premium pay under the [FLSA], and are not exempt under the regulations in this part no matter how highly paid they might be." *Id*.

22.     None of the FLSA Collective or Class Members have as their primary job duties those customarily given to employees in management. The job functions of Plaintiffs required little to no official training, and it did not require a college education or other advanced degree. Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight. Plaintiffs did not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; and they do not perform work in a recognized field of artistic or creative endeavor.

23.     As such, no exemption excuses Defendant from paying Plaintiffs and the FLSA Collective or Class Members overtime rates under the FLSA or the NMMWA.

24.     Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern

or practice regarding overtime compensation. Plaintiffs and those similarly situated are entitled to liquidated damages for such conduct.

25. For purposes of this action, the "relevant period" for the purposes of the FLSA is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

26. Plaintiffs have retained the undersigned counsel to represent them and those similarly situated in this action. Pursuant to the FLSA, Plaintiffs and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

### VII. COLLECTIVE ACTION ALLEGATIONS

27. Other employees of Defendant have been victimized by the pattern, practice and policy of Defendant. Plaintiffs are aware that the illegal practices and policies of Defendant have been imposed on other, similarly situated workers. Plaintiffs bring their claims on behalf of all current and former FLSA Collective Members.

28. Defendant's compensation policies and procedures with respect to Plaintiffs and the FLSA Collective Members and wages paid to Plaintiffs and the FLSA Collective Members are substantially similar, if not identical.

29. Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiffs or other FLSA Collective Members.

30. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendant's liability under the FLSA.

31.     Plaintiffs file this case as a collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiffs bring these claims on their own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

32.     Plaintiffs request that Defendant identify all FLSA Collective Members in order that proper notice of their right to opt-out of this class action (or, alternatively, to consent to participation in this collective action) may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers of the FLSA Collective Members.

33.     Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

34.     Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

35.     Plaintiffs will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VIII. NEW MEXICO CLASS ACTION ALLEGATIONS

36.     Plaintiffs incorporate all allegations previously made in this Complaint.

37.     Plaintiffs bring this class action on behalf of the respective Class Members.

38.     The Class Members are so numerous that their joinder is impracticable.

39. While the precise number of the Class Members is unknown, a large number of Class Members worked for Defendant in at least one workweek of more than 40 hours in New Mexico throughout the time period Defendant's continuing course of conduct occurred.

40. Plaintiffs' claims are typical of the Class Members.

41. Plaintiffs and the Class Members were classified as non-exempt from overtime.

42. The primary job duties of Plaintiffs and the Class Members consisted of non-exempt work.

43. Plaintiffs and the Class Members were paid on a salary basis.

44. Plaintiffs and the Class Members worked over 40 hours in at least one workweek of more than 40 hours for Defendant in New Mexico during the time period Defendant's continuing course of conduct occurred.

45. Plaintiffs and the Class Members were denied overtime at a rate of one-and-one-half times their regular rate for all overtime hours worked.

46. Common questions of law and fact for the Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendant's policy of paying its field personnel on a salary basis violated NMMWA by failing to pay the Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

   b. Whether Defendant's Overtime Miscalculation Policy violated NMMWA by not paying overtime at the legally required rate of one-and-one-half times the regular rate of pay;

  c. The proper measure of damages of the Class Members; and

  d. Whether Defendant should be enjoined for such violations in the future.

47. As a result, Plaintiffs will fairly and adequately protect the Class Members' interests and have retained counsel experienced in complex wage and hour class litigation.

48. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendant acted or refused to act on grounds generally applicable to the Class Members. Final injunctive and/or declaratory relief is appropriate to the Class Members as a whole.

50. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3): (1) questions of law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporations. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the failure to pay overtime to the Class Members. No apparent difficulties exist in managing this class action. Plaintiffs intend to send notice to the Class Members to the extent required by Fed. R. Civ. 23(c).

### IX. CAUSES OF ACTION

### COUNT ONE - VIOLATION OF THE FLSA

51. The foregoing allegations are incorporated herein by reference.

52. Plaintiffs and others similarly situated were non-exempt employees of Defendant.

53.     Plaintiffs and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

54.     Defendant violated 29 U.S.C. § 201 et. seq. by willfully failing to pay Plaintiffs or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

55.     Plaintiffs, individually and on behalf of others similarly situated, seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## COUNT TWO - VIOLATION OF THE NMMWA

56.     Plaintiffs incorporates all allegations previously made in this Complaint.

57.     Plaintiffs and the Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendant violated and continues to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiffs and the Class Members are entitled to their unpaid wages, treble and/or liquidated damages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are

recoverable under NMMWA. Moreover, Plaintiffs request that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

## X.   RELIEF SOUGHT

Plaintiffs pray for the following relief against Defendant on an individual basis and on a representative basis of all others similarly situated:

    a. For an Order certifying the proposed NMMWA class as Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiffs as Class Representatives under NMMWA, and for designation of Plaintiffs' counsel as class counsel;

    b. For an Order awarding Plaintiffs and the Class Members all unpaid wages, treble damages, prejudgment interest and all available penalties wages under NMMWA;

    c. For an Order certifying the proposed FLSA Collective and finding Defendant liable for unpaid wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit);

    d. For an Order awarding Plaintiffs and the FLSA Collective and NMMWA Class Members pre- judgment and post-judgment interest at the highest rates allowed by law; and

    e. For all costs and attorneys' fees incurred prosecuting these claims, as allowed by state and/or federal law; and

   f. For an Order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        /s/ Josh Borsellino
        Josh Borsellino
        Texas State Bar No. 24045532
        Admitted to the New Mexico Federal Bar
        Borsellino, P.C.
        Office Address:
        1020 Macon St., Suite 15
        Fort Worth, Texas 76102
        Mailing Address:
        3267 Bee Cave Rd., Ste. 107, Box # 201
        Austin, TX 78746
        Telephone: (817) 908-9861
        Facsimile: (817) 394-2412
        Email: josh@dfwcounsel.com

        **ATTORNEY FOR PLAINTIFFS AND THOSE SIMILARLY SITUATED**